THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| The Blueberry Hill LLC, | ) | Case No. 2:17-cv-00385-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| | ) | |
| Shalom International Corp., | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff The Blueberry Hill LLC, ("Blueberry Hill") is a Utah limited liability company that sells infant wear, including whimsical deer and fox outfits. Blueberry Hill contends that in December 2016, Shalom International Corp. ("Shalom") solicited its products online and shortly thereafter Blueberry Hill discovered that Shalom was producing "knock-off" products which Blueberry Hill purchased at a retail store in Sandy, Utah. Blueberry Hill alleges in its Complaint that Shalom, a New Jersey corporation, sells infant ware that infringes on its copyright and trade dress rights, and violates Utah law regarding unfair competition and deceptive trade practices.

Shalom moves to dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) and/or 28 U.S.C. § 1406(a), or in the alternative to transfer the case to the District of New Jersey.

## II. DISCUSSION

### A. Waiver[1]

Blueberry Hill asserts that "Shalom waived its ability to challenge jurisdiction and venue through a Rule 12(b) motion when it filed its answer almost a month before filing its Motion." Mem. Opp'n at 4. The Court disagrees.

Federal Rules of Civil Procedure 12(b)(2), (3) and 12(h)(1) provide that "... a party may assert the following defenses by motion: ... (2) lack of personal jurisdiction; (3) improper venue" which are waived "by failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading ...." Shalom preserved those defenses by asserting them in its Answer. *See Stjernholm v. Peterson,* 83 F.3d 347, 349, (10th Cir.), *cert. denied*, 519 U.S. 930 (1996) ("A party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under Fed. R. Civ. P. 12(b)(3). Fed. R. Civ. P. 12(h)(1)."); *OSG Inc. v. Schlittler*, No. 2:11-cv-871-TC, 2012 WL 1493944, at *2 (D. Utah April 27, 2012). (granting a Rule 12(b)(2) motion even though it was filed after the answer, because "[b]y raising its personal jurisdiction defense for the first time in its Answer, [defendant] preserved the defense"); *Fabara v. GoFit, LLC*, 308 F.R.D. 380, at 393-94 (D.N.M. 2015) (citations omitted) (although "a defendant may implicitly waive the defense by waiting a significant period after filing the answer to submit a rule 12(b)(2) motion .... courts have held that waiting two to seven months after filing the answer to submit a rule 12(b)(2) motion is insufficient to constitute waiver").

---

[1] Blueberry Hill also objects to the Declaration of Ezra Sutton filed by Shalom in support of its motion. However, Shalom has submitted a Revised Sutton Declaration which appears to render the objection moot.

**B. Personal Jurisdiction**

**1. Standard of Review**

Plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Shrader v. Biddinger*, 633 F. 3d 1235, 1239 (10th Cir. 2011). When responding to a Rule 12(b)(2) motion filed prior to an evidentiary hearing as is the case here, a plaintiff need only make a prima facie showing of personal jurisdiction by demonstrating with affidavits or other written materials facts which support jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F. 3d 1063, 1070 (10th Cir. 2008). Allegations in the complaint are taken as true if they are plausible, nonconclusory, non speculative and to the extent they are not controverted by submitted affidavits. *Id.* at 1070. When a defendant submits evidence to support a challenge to personal jurisdiction, the plaintiff has a duty to come forward with evidence supporting the jurisdictional allegations of the complaint. *Pytlik v. Professional Resources, Ltd.*, 887 F. 2d 1371, 1376 (10th Cir. 1989). Factual disputes in the affidavits are resolved in plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wennz v. Memery Crystal*, 55 F. 3d 1503, 1505 (10th Cir. 1995) (internal quotation marks and citation omitted).

**2. Analysis**

Determination of whether a federal court has personal jurisdiction over a non-resident defendant involves two questions. "First we ask whether any applicable statute authorizes the service of process on defendants. Second, we examine whether the

exercise of such statutory jurisdiction comports with constitutional due process demands." *Dudnikov*, 514 F.3d at 1070.

Blueberry Hill claims federal question jurisdiction under both the Copyright Act, 17 U.S.C. § 501, and the Lanham Act's trademark law, 15 U.S.C. § 1125(a). Neither the Copyright Act, nor the Lanham Act provide for nationwide service of process. *See Capitol Federal Sav. Bank v. Eastern Bank Corp.*, 493 F. Supp 2d 1150, 1158 (D. Kan. 2007) (Lanham Act); *Dudnikov*, 1063 F. 3d at 1070 (Copyright Act). The Court therefore looks to Utah law. Fed. R. Civ. P. 4(k)(1)(A).

Utah's long-arm statute supports personal jurisdiction to the extent constitutionally permitted. Utah Code Ann. § 78B-3-201. Because Utah's long-arm statute and due process are coextensive in this case, the first question effectively collapses into the second question. *Dudnikov*, 514 F.3d at 1070. Thus, the Court need only address the constitutional issue of whether the exercise of personal jurisdiction over the defendants comports with due process.

"The Supreme Court has held that, to exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Id*. at 1070 (citation omitted). The "minimum contacts" standard may be satisfied by either general or specific jurisdiction.

Here Blueberry Hill claims that the Court has specific jurisdiction over Shalom. Mem. Opp'n at 5. For a court to assert specific jurisdiction in a tort context, "the minimum contacts standard requires, first, that the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, that the plaintiff's injuries

must arise out of' defendant's forum related activities." *Dudnikov*, 514 F.3d at 1071 (internal quotation marks and citation omitted).

    **a. purposeful direction**

The aim of "purposeful direction" is "to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id.* (citation omitted). A three part inquiry is used to determine whether a tort defendant purposefully directed its activities at a forum state: the presence of (a) an intentional act that was (b) aimed expressly at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984); *Dudnikov*, 514 F. 3d at 1072.

In its Complaint Blueberry Hill alleges in conclusory fashion that "[t]his Court has personal jurisdiction over Shalom because Shalom has purposely availed itself of the privileges and benefits of the laws of the State of Utah, and has committed acts of copyright infringement, as well as acts of trade dress infringement, deceptive business practices, and unfair competition, within this judicial district." Compl. ¶ 6. And it argues that the "Court has specific jurisdiction over Shalom with respect to Blueberry Hill's claims because Shalom approached Blueberry Hill knowing that it was a Utah company, solicited Blueberry Hill's products in order to make knock-offs, inappropriately copied its copyrighted photography, and proceeded to sell the knock-off products in Utah." Mem. Opp'n at 5.

(**1**) **intentional act**

For purposes of the present motion, the Court will assume that Shalom's one time purchase of products from Blueberry Hill's website was an intentional act.

(**2**) **expressly aimed at the forum state**

As noted, the intentional act must be expressly aimed at the forum state. The expressly aimed element has been interpreted by the Tenth Circuit to mean that "the forum state itself must be the 'focal point of the tort.'" *Dudnikov,* 514 F. 3d at 1974, n.9 (citation omitted). Although Blueberry Hill conclusorily argues that Shalom specifically directed its infringement efforts at it in Utah, Blueberry Hill has not shown that any of Shalom's actions after its one-time purchase of Blueberry Hill's products on the internet were expressly aimed at Utah. It is uncontroverted that the alleged copying of Blueberry Hill's products was done at Shalom's New York and/or New Jersey offices, not in Utah, and that the alleged infringing products were manufactured in China. Baranoff Decl. ¶ 6.[2] With regard to Shalom's alleged copying of photographs from Blueberry Hill's website, the Court agrees with Shalom's position that copyrighted works on a website, such as the photographs at issue, do not have a situs for jurisdictional purposes. *See* Reply Mem. at 7-8; 5 *Patry on Copyright* § 17:158 (2016) (copyrighted works appearing on a website do not have a situs for purposes of jurisdiction).

---

[2] Blueberry Hill's conclusory allegation that "[t]his Court has personal jurisdiction over Shalom because Shalom has purposely availed itself of the privileges and benefits of the laws of the State of Utah, and has committed acts of copyright infringement, as well as acts of trade dress infringement, deceptive business practices, and unfair competition, within this judicial district", Compl. ¶ 6, is insufficient to controvert Shalom's evidence.

Moreover, merely showing that a defendant committed an intentional tort against a known resident of the forum state is insufficient to satisfy the "expressly aimed" prong of the test because "'the plaintiff cannot be the only link between the defendant and the forum.' The purposeful-direction analysis in other words, 'looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'" *Tomelleri v. MEDL Mobile, Inc.*, No. 2:14-cv-02133-JAR (2015 WL 1957801, at *6 (D. Kan. April 29, 2015) (quoting *Walden v. Flore*, 134 S. Ct. 1115, 1122-26 (2014)), *aff'd*, 657 F. Appx. 793 (10th Cir. 2016). *See also Shrader v. Biddinger*, 633 F.3d at 1245 (a "plaintiff's residence in the forum state, and hence suffering harm there, does not alone establish personal jurisdiction over a defendant who has not purposefully directed his activities at the state"); *Envirotech Pumpsystems, Inc. v. Sterling Fluid Systems (Schweiz) AG*, 2000 WL 35459756, No. 2:99-cv-814-K (D. Utah Nov. 16, 2000) ("this court has consistently rejected financial injury to a plaintiff resulting from conduct occurring outside of Utah as a basis for exercising specific jurisdiction over a defendant. *Patriot Sys. Inc.* [ *v. C-Cubed Corp.*],21 F. Supp 2d [1318] at 1321 [(D. Utah 1998)] (finding no personal jurisdiction ... where there was no allegation of culpable conduct occurring in Utah".); *Allison v. Wise*, 621 F. Supp. 2d 1114, 1121 (D. Colo. 2007) ("[T]he ... Complaint evidences nothing more than that the economic impact of [defendant's] alleged copyright infringement is felt by plaintiff here in Colorado. Such a circumstance is based on the mere fortuity that plaintiff happens to reside here, and is patently insufficient to permit the assumption of personal jurisdiction over [defendant] in this forum.").

### (3) brunt of injury felt in forum state

A plaintiff must also show that the defendant acted with knowledge that the brunt of the injury would be felt in the forum state. *Dudnikov*, 514 F. 3d at 1072. Without supporting evidence, Blueberry Hill argues that Shalom sold its accused products "through nationwide distributors, knowing that its products would be sold in Utah." Mem. Opp'n at 7.

Shalom has presented evidence refuting that assertion. *See* Baranoff Decl. ¶ 13 ("Shalom did not itself knowingly sell any Accused Products in Utah. Instead, Shalom only shipped the Accused Products to its retail distributors, Buy Buy Baby, Inc. and The Marmaxx Group (including T.J. Maxx and Marshalls). ... Shalom does not know or decide where its retail distributors ship or sell Shalom's products."); Supp. Baranoff Decl. ¶ 4. ("Shalom's retail customers, including The Marmaxx Group and Buy Buy Baby, Inc. are located outside of Utah, and these retail customers make the decisions if any Shalom products are shipped into any retail stores in Utah").[3]

Based on the foregoing reasons, the Court concludes that Blueberry Hill has not met its burden of showing that Shalom expressly aimed tortuous activity at Utah with knowledge that the brunt of the injury would be felt in Utah. Thus there has been no showing of "purposeful direction" for purposes of personal jurisdiction.

---

[3] Even under Plaintiff's "stream of commerce" theory, there must be a finding that Shalom purposefully directed its activities at Utah. *See Etagz, Inc. v. Cheri Magazine*, No. 2:10-cv-1266-DAK, 2012 WL 5844915, at *3 (D. Utah Nov. 19, 2012) (citing *Asahi Metal Indus. Co., Ltd v. Superior Court of Cal., Solano County,* 480 U.S. 102, 112 (1987) ("mere awareness that the goods may enter the forum state does not constitute purposeful direction" and *"*even under a general stream of commerce argument, there must be a finding that the defendant purposefully directed its activities at the forum state")*.*

**b. injuries must arise out of defendant's forum related activities**

Blueberry Hill must also show that its alleged injuries arise out of Shalom's contacts with Utah. *Dudnikov*, 514 F.3d at 1078. That it has failed to do. Shalom's alleged contacts with Utah are (1) soliciting goods, (2) copying photos from Blueberry Hill's website, and (3) selling allegedly infringing goods in Utah. However, purchasing Blueberry Hill's products online is not copyright infringement.[4] As previously noted, copyrighted website photos do not have a jurisdictional situs. It is uncontroverted that the alleged copying of Blueberry Hill's products was done at Shalom's New York and/or New Jersey offices and that the alleged infringing products were manufactured in China. And the uncontradicted evidence is that Shalom itself did not knowingly sell the accused products directly into Utah. Consequently, there has been no showing that Blueberry Hill's injuries arise out of Shalom's forum related activities.

## III. CONCLUSION

For the reasons stated, the Court concludes that it does not have jurisdiction in this

---

[4] "To prove a copyright infringement under the federal Copyright Act, a plaintiff must show:'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc*. 82 F.3d 1533, 1543 (10TH Cir.) (internal citation omitted), *cert. denied*, 519 U.S. 928 (1996).

matter.  Accordingly Shalom's Motion to Dismiss (Doc. #6) is granted, and the case is dismissed.

      IT IS SO ORDERED.

            Dated this 15th day of November, 2017

                          BY THE COURT:

                          _____
                          DAVID SAM
                          SENIOR JUDGE
                          UNITED STATES DISTRICT COURT